UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL THOMAS BOUGHNER,

       Petitioner,                     CIVIL ACTION NO. 04-CV-71638-DT

vs.                               DISTRICT JUDGE BERNARD A. FRIEDMAN

                                      MAGISTRATE JUDGE DONALD A. SCHEER

HUGH WOLFENBARGER,

       Respondent.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The instant Petition for Writ of Habeas Corpus should be dismissed as Petitioner has shown no violations of his federal constitutional rights arising out of his state no contest plea or sentence.

\*    \*    \*

Petitioner, Earl Thomas Boughner, a Michigan prisoner convicted of second degree murder, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on April 29, 2004, challenging the validity of his underlying state conviction and sentence. Petitioner had pled no contest to the charge of second degree murder on May 8, 2001, in the St. Clair County Circuit Court. The court sentenced him to between twenty three and sixty years' imprisonment.

Petitioner filed an appeal as of right in the Michigan Court of Appeals and, in a unpublished memorandum opinion dated November 14, 2002, the Court affirmed the

conviction and sentence (Docket #243386).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court. On April 29, 2003, the Court denied leave to appeal in a standard order (Docket #122850).

Petitioner then filed his Petition for Writ of Habeas Corpus in this Court, asserting the following three grounds for relief:

> 1. Petitioner's plea was obtained in violation of his Fifth and Fourteenth Amendment rights.
>
> 2. Petitioner's sentence was disproportionate, excessive, arbitrary and capricious.
>
> 3. Petitioner was denied the effective assistance of counsel.

Respondent filed an answer to the Petition on November 5, 2004, contending that Petitioner had knowingly and intelligently tendered a guilty plea to second degree murder after receiving reasonable and competent advice from his attorney and with full understanding of the consequences.  Respondent asserted that all of Petitioner's claims should be dismissed since his guilty plea had foreclosed habeas corpus attacks on all non-jurisdictional grounds. Petitioner did not file a response to the answer. The case was referred to the undersigned on November 2, 2005[1].

THE GUILTY PLEA PROCEEDINGS AND THE EFFECT THEREOF

An intelligent and voluntarily made guilty plea generally forecloses habeas attack on all non-jurisdictional grounds.  <u>Tollett v. Anderson</u>, 411 U.S. 258, 267 (1973); <u>United States v. Freed</u>, 688 F.2d 24, 25 (6th Cir. 1982).  The Supreme Court has also determined that a

---

[1] While the Order of Reference was docketed by the Clerk's Office on November 2, 2005 (Docket #21), the order was not sent to my chambers until December 2, 2005.

plea of guilty constitutes an admission of factual guilt such that the issue of factual guilt is removed from the case.  Menna v. New York, 423 U.S. 61, 63 n.2 (1975).

A habeas petitioner who pleads guilty in state court relinquishes several constitutional rights, and consequently guilty pleas must be made voluntarily and intelligently.  Boykin v. Alabama, 395 U.S. 238, 242 (1969); Henderson v. Morgan, 426 U.S. 637, 648 (1976).  By knowingly pleading guilty, the Petitioner waived his right to have a trial by a jury, to be presumed innocent until proven guilty, and to have the prosecutor prove his guilt beyond a reasonable doubt.  In addition, since a plea of guilty constitutes an admission of all facts necessary for conviction, the Petitioner also waived his right to contest the sufficiency of the evidence that might have been produced at trial, or to later contest the factual and theoretical foundations of the indictment to which he had pled.  Costello v. United States, 350 U.S. 359, 363 (1955); United States v. Manni, 810 F.2d 80 (6th Cir. 1987).

The claims presented in the instant petition are without merit. Petitioner argues that his guilty plea was involuntary because his attorney gave him inaccurate and misleading information about the length of the sentence the judge would impose.  He asserts that his attorney told him that his sentence would not be longer than 14 years if he pled guilty to second degree murder (claim #1).

The Supreme Court has held that, to be valid, a guilty plea must be voluntarily and intelligently made.  Brady v. U.S., 397 U.S. 742, 748-49 (1970).  The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences."  Id. at 748.  The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it."  Id. at 749.

When entering his plea, Petitioner stated that he understood that he was pleading guilty to second-degree murder. He further stated that no promises had been made to him by the prosecutor (See pp 7-8 of Guilty Plea Proceedings at Docket #10).

The Sixth Circuit Court of Appeals has stated that in cases challenging the voluntariness of a plea a petitioner is bound by his in-court statements regarding his understanding of the plea:

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."
>
> Ramos v. Rogers, 170 F.3d 560, 564 (6th Cir. 1999) (*quoting* Baker v. United States, 781 F.2d 85, 90 (6th Cir. 1986).

Given that the trial court explained to Petitioner the potential consequences of his guilty plea, and Petitioner's statement that he understood those potential consequences, and that he was not pleading guilty pursuant to any contrary promises made to him, I am persuaded that Petitioner has failed to establish that his guilty plea was involuntary.

The instant petition for habeas corpus is based on three non-jurisdictional grounds. This means that this Court cannot consider the three claims herein unless Petitioner can show that these issues implicate the state's ability to hale him into court. The state's ability to hale Petitioner into court is not implicated here. Moreover, I am persuaded that he has

failed to show any serious errors in, or prejudice resulting from, his attorney's performance. He makes no claim that the guilty plea hearing before St. Clair Circuit Court Judge Deegan was anything but a full and thorough hearing which afforded him every opportunity to present those proofs required to sustain the allegations found in this petition.

Petitioner next claims that his 23 to 60 year sentence was excessive and disproportionate to the crime committed (claim #2). A federal court cannot review the severity of a sentence or the state court's failure to reduce a sentence if the sentence imposed is within statutory limits unless the petitioner alleges an impropriety in the sentencing process itself.  See Gunsoles v. Gudmanson, 724 F.Supp. 624, 629 (E.D. Wis. 1979). The United States Constitution contains no proportionality guarantee.  Harmelin v. Michigan, 501 U.S. 957, 965 (1991). Petitioner has not argued that his sentence exceeded statutory limits, or that there had been any impropriety in the sentencing process itself. Given the severity of the underlying offense (second degree murder), Petitioner was informed at the time of his guilty plea that he could receive a sentence of life imprisonment (See p. 7 of Guilty Plea Proceeding).  The fact that he may be paroled after 23 years imprisonment does not appear to be disproportionate to the seriousness of the crime committed.  The claim raises no federal constitutional issues and must be rejected as inappropriate for habeas corpus relief.

Finally, Petitioner claims that his attorney was ineffective because he gave incorrect information regarding the terms of the plea agreement (claim #3).  Petitioner claims that his attorney told him that he would not serve more than 14 years in prison, and that he based his acceptance of the plea agreement on that belief.

At the time of sentencing, the trial court told Petitioner that he was going to prison for a maximum of 60 years for the murders of Kenneth and Sarah Graham. The judge, however, explained that Petitioner would be eligible for parole after 23 years, if he behaved himself in prison and turned his life around (See pp. 19-20 of Sentencing Transcript at Docket #11). The sentence was entirely proper, and within the sentencing guidelines, given the aggravated circumstances of the crimes committed and Petitioner's prior criminal history. Weighing the respective merits of going to trial on the original five criminal counts, Petitioner instead chose to plead to one count of second degree murder with at least a chance of getting out of prison sometime in the future. While Petitioner now has second thoughts about his plea bargain, he no doubt had an precise understanding of the possible sentence he would serve. Given that Petitioner had an accurate understanding of the plea agreement, he cannot establish that his attorney was ineffective in failing to correctly inform him regarding the terms of the plea agreement.

Based on a review of the totality of the circumstances of this case, the undersigned is persuaded that the Petitioner was sufficiently informed of the consequences of his guilty plea, which was made voluntarily under the applicable constitutional principles, and that a constitutionally sufficient factual basis was provided by his admission to the crime in open court. Petitioner has failed to establish that his counsel's performance was so beneath the range of that demanded of criminal lawyers that he was prejudiced to the point of being wrongly convicted.

As noted above, an otherwise voluntary and intelligent plea waives all non-jurisdictional defects. As the Supreme Court has noted, "[t]o allow indiscriminate hearings in federal post-conviction proceedings, whether for federal prisoners under 28 U.S.C. §

2255 or state prisoners under 28 U.S.C. §§ 2241-2254, would eliminate the chief virtues of the plea system -- speed, economy, and finality." Blackledge v. Allison, 431 U.S. 63 (1977).

For all the foregoing reasons, then, the undersigned is persuaded that there were no violations of the Petitioner's federal constitutional rights, and, accordingly, it is recommended that the instant Petition for Writ of Habeas Corpus be dismissed. Given this recommendation, Plaintiff's Motion for an Evidentiary Hearing (Docket #20) should be denied.

The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Friedman's acceptance thereof is waived.

                              s/Donald A. Scheer
                              DONALD A. SCHEER
                              UNITED STATES MAGISTRATE JUDGE

DATED: January 26, 2006

---

### CERTIFICATE OF SERVICE

I hereby certify on January 26, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 26, 2006. **Earl Thomas Boughner.**

                              s/Michael E. Lang
                              Deputy Clerk to
                              Magistrate Judge Donald A. Scheer
                              (313) 234-5217